IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES CREECH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. _____ |
| ACCURATE ENERGETIC ) | |
| SYSTEMS, LLC ) | JURY DEMAND (8) |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

# COMPLAINT

Plaintiff James Creech ("Mr. Creech" or "Plaintiff"), by and through undersigned counsel, files this civil action Complaint and Jury Demand ("Complaint") against Accurate Energetic Systems, LLC ("AES" or "Defendant"), alleges as follows:

1. This is an action for monetary relief caused by Defendant's violations of the Age Discrimination in Employment Act of 1976 ("ADEA"), as amended, 29 U.S.C.A. §§621 *et. seq.*, violations of the Tennessee Disability Act, § 8-50-130, and Tenn. Code Ann. § 4-21-401(a)(1).

## JURISDICTION AND VENUE

2. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §§ 1331.

3. Venue is proper in the Middle District of Tennessee because all parties reside within this judicial district, and the corporate defendant's principal place of business listed with the Tennessee Secretary of State is located in Humphreys County, Tennessee, which is located in this judicial district, and because the events giving rise to this lawsuit occurred within this district. See 28 U.S.C. § 1391(b).

4. Plaintiff complied with all conditions precedent to the filing of his claims pursuant to 42 U.S.C. § 2000e *et. seq.*, to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; on February 25, 2021, the EEOC issued Plaintiff a Notice of Right to Sue. This action was commenced within 90 days of receipt of the EEOC's Notice of Right to Sue.

5. As allowed by 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's claims of violations of the Tennessee Disability Act, § 8-50-130 and Tenn. Code Ann. § 4-21-401(a)(1) as they arise under the same case or controversy of the claims allowed by 28 U.S.C. §§ 1331.

## PARTIES

6. Plaintiff, James Creech, is a resident of Hickman County, Tennessee, and at the time of the Defendant's acts complained of, was an employee of Accurate Energetic Systems, LLC.

7. Defendant Accurate Energetic Systems, LLC is a domestic limited liability company with over 25 employees with its principal place of business located at 5891 Highway 230 W, McEwen, Tennessee 37101. At all relevant times herein, Defendant is a company that develops, manufactures, and supplies explosives for the defense, aerospace, mining, oil and gas industries. Defendant maintains a business office in McEwen, Tennessee where Plaintiff was employed. Defendant may be served through its registered agent John Sonday at 5621 Highway 230 W, McEwen, Tennessee 37101.

## FACTUAL BACKGROUND

8. Plaintiff James Creech is a 73-year-old resident of Centerville, Tennessee who applied for a Material Handler position with Defendant on or about 2018.

9. Before applying to AES, Mr. Creech was a Quality Control supervisor for 27 years before retiring from his previous employer.

10. Plaintiff was hired as a Material Handler with the Defendant on July 17, 2018.

11. Plaintiff transitioned to the Maintenance Department in December 2019.

12. Plaintiff was assigned to maintain and complete quality control tests on the boilers at the AES McEwen facility.

13. Mr. Creech was repeatedly subjected to comments, and his direct supervisor was repeatedly subjected to comments concerning Creech by plant management calling Creech "too old and too slow" to complete his job duties.

14. Plaintiff was diagnosed with Type 2 Diabetes prior to his employment at AES and required regular blood glucose monitoring and necessary breaks to eat or drink.

15. Plaintiff informed Defendant of his condition and the accommodations necessary to monitor his blood glucose levels.

16. Defendant did not provide Plaintiff with reasonable accommodations to enable Plaintiff to enjoy equal employment opportunities and continued to object to his taking short breaks to monitor his condition and eat snacks to ensure his glucose level was within medical guidelines.

17. Plaintiff had no disciplinary action or complaints from his direct supervisor regarding his job performance or failure to complete his job duties. However, his immediate supervisors were repeatedly told by Plant Management to replace Plaintiff as he was "too slow and too old."

18. Specifically, on October 27, 2020, Plaintiff was informed by his direct supervisor that the plant management wanted him fired for being "too old and slow" for the position.

19. AES took adverse employment action against Plaintiff on or around November 4, 2020, when Plaintiff was terminated for "poor housekeeping" allegedly causing a fire at the facility.

20. Defendant knew that this was a pretextual reason for Plaintiff's termination. Plaintiff was never interviewed regarding the fire, his actions or the deficiencies of the building and/or building materials that were the precipitating cause of the fire. Upon information and belief, AES did not follow its procedures in conducting an investigation of the fire instead blaming Plaintiff and his direct supervisor, who had previously refused to terminate Plaintiff at the request of Plant Management.

21. Defendant filled the position(s) and job duties previously performed by Plaintiff with person or persons significantly younger than Plaintiff.

22. Defendant terminated the Plaintiff because of his age.

23. Defendant's actions in terminating Plaintiff violated the Age Discrimination in Employment Act of 1976, as amended.

24. At all times relevant herein, Plaintiff was qualified for his position with AES and was never reprimanded or disciplined by his Direct Supervisor for his work performance.

25. At all times relevant herein, Defendant employed, and continues to employ twenty-five or more employees.

26. As a proximate cause of Defendant's discriminator actions. Plaintiff was deprived of a job, deprived of the opportunity to earn wages, and deprived of the opportunity to earn employment benefits.

### **COUNT I - VIOLATION OF THE REHABILITATION ACT OF 1973**

27. The allegations contained in the previous paragraphs are hereby incorporated by reference as if set forth fully in this section.

28. As a federal contractor, AES is prohibited from discriminating against individuals with disabilities and is required to comply with the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. See 29 U.S.C. § 793.

29. Plaintiff was disabled within the meaning of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., as amended. Plaintiff has an impairment that substantially limits him in one or more major life activities, or he was perceived as having, or had record of, such an impairment.

30. Plaintiff was otherwise qualified to perform the duties of his job, with or without reasonable accommodation.

31. AES, its agents and employees who supervised Plaintiff and controlled conditions of his employment, were aware of his disability or perceived disability during his employment yet failed to provide Plaintiff with a reasonable accommodation that would allow him to perform the essential functions of his job, namely appropriate breaks to monitor and regulate his blood glucose without being harassed and being subjected to adverse employment action due to his disability.

32. AES failed and refused to reasonably accommodate Plaintiff's disability or perceived disability. AES failed to engage in an interactive process designed to identify reasonable accommodations of Plaintiff's disability or perceived disability.

33. Upon information and belief, AES replaced Plaintiff with an individual who was not disabled, and Plaintiff was treated less favorably than similarly situated, non-disabled individuals.

34. AES terminated Plaintiff because of his disability or perceived disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., as amended.

35. AES discriminated against Plaintiff by denying him reasonable accommodation for his disability or perceived disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., as amended.

36. Plaintiff claims the acts of AES were done with malice or reckless indifference to the plaintiff's federally protected rights so as to entitle plaintiff to an award of punitive damages in addition to compensatory damages.

37. By reason of AES's discrimination, Plaintiff is entitled to all legal and equitable remedies available under the Rehabilitation Act.

## COUNT II – VIOLATION OF THE AGE DISCIMINATION IN EMPLOYMENT ACT

38. The allegations contained in the previous paragraphs are hereby incorporated by reference as if set forth fully in this section.

39. At all relevant times herein, Plaintiff was an "employee" of Defendant AES, as that term is defined by 29 U.S.C. § 203(e).

40. At all relevant times herein, Defendant was an "employer" as that term is defined 42 U.S.C. § 2000e(b) and are subject to and covered by the provisions of the ADEA.

41. At all relevant times, Plaintiff was over 40 years of age, *see* 29 U.S.C. § 631(a).

42. Plaintiff was otherwise qualified for the maintenance position he was performing at AES prior to his termination in November 2020.

43. Defendant's violation of the ADEA was done knowingly, intentionally, and willfully.

44. Plaintiff is entitled to backpay in the amount equal to his unpaid wages, front pay, liquidated damages, pre and post judgment interest, attorneys' fees and costs for the prosecution of this action.

## COUNT III – VIOLATION OF TENNESSEE CODE ANNOTATED § 4-21-401(a)(1) and 4-21-407

45. The allegations contained in the previous paragraphs are hereby incorporated by reference as if set forth fully in this section.

46. Plaintiff was at least forty years of age at the time of his employment and was qualified to perform the required duties. Age was not a bona fide occupational qualification for Plaintiff's position with Defendant.

47. Plaintiff was discharged by Defendant on or around November 4, 2020.

48. Plaintiff was replaced in his job duties by a significantly younger person or persons upon his unlawful discharge.

49. Plaintiff's age was a determining factor in the Defendant's discharge of Plaintiff.

50. As a proximate cause of Defendant's discrimination, Plaintiff was deprived of a job, deprived of the opportunity to earn wages, and deprived of the opportunity to earn employment benefits.

51. Plaintiff is entitled to backpay in the amount equal to his unpaid wages, front pay, liquidated damages, pre and post judgment interest, attorneys' fees and costs for the prosecution of this action.

## COUNT IV– VIOLATION OF §8-50-103 TENNESSEE CODE ANNOTATED, TENNESSEE DISABILITY ACT

52. The allegations contained in the previous paragraphs are hereby incorporated by reference as if set forth fully in this section.

53. Plaintiff had a covered disability at the time of his employment with Defendant and at the time of his termination by Defendant.

54. Plaintiff was qualified for his position in Maintenance with Defendant at the time of the unlawful discharge.

55. Defendant discriminated against the Plaintiff by subjecting him to an adverse employment action because of his disability.

56. As a proximate cause of Defendant's discrimination, Plaintiff suffered emotional injury, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, lost earnings, back pay, front pay, attorneys' fees, costs, pre and post judgment interest and such other legal and equitable relief to which he may be entitled.

## **PRAYER FOR RELIEF & JURY DEMAND**

WHEREFORE, premises considered, Plaintiff prays for the following relief:

A. A monetary award of damages for back pay, including overtime and pre and post judgment interest on the amount due and owing to Plaintiff but unpaid;

B. For recovery of all court costs and discretionary costs;

C. For punitive damages in an amount to be determined at trial;

D. For recovery of all attorneys' fees and costs, and expenses in this action;

E. For pre-judgment and post-judgment interest;

F. For compensatory damages;

G. For a trial by jury of eight on all triable issues; and

H. For such other and further relief as the Court may deem just, fit, and proper.

s/ *Rebecca Wells Demaree*_____
Rebecca Wells-Demaree (#13994)
e-mail: rwdemaree@cclawtn.com
s/ *Peter C. Robison*_____
Peter C. Robison (#27498)
e-mail: pcrobison@cclawtn.com
s/ *Jasmyn A. McCalla*_____

Jasmyn A. McCalla (#37897)
e-mail: jamccalla@cclawtn.com
CORNELIUS & COLLINS, LLP
Suite 1500, Nashville City Center
511 Union Street
P. O. Box 190695
Nashville, TN  37219
(615) 244-1440; FAX (615) 254-9477
*Attorneys for Plaintiff, James Creech*