IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES CREECH, | ) | |
| | ) | |
| Plaintiff, | ) | Docket No. 3:21-cv-00418 |
| | ) | |
| v. | ) | JURY DEMAND (8) |
| | ) | |
| ACCURATE ENERGETIC | ) | Judge Eli J. Richardson |
| SYSTEMS, LLC, | ) | Magistrate Judge Newbern |
| | ) | |
| Defendant. | ) | |

## ANSWER, AFFIRMATIVE AND OTHER DEFENSES

Defendant Accurate Energetic Systems, LLC ("AES" or "Defendant") answers Plaintiff James Creech's ("Mr. Creech") Complaint as follows:

1. AES admits that the Complaint seeks monetary relief under the named statutes but denies that it is liable to Plaintiff under any claim, cause of action or theory.

## JURISDICTION AND VENUE

2. AES admits that jurisdiction is proper in this Court with respect to causes of action pled or attempted to be pled under the Constitution, laws, or treaties of the United States.

3. AES admits that venue is proper in this Court.

4. AES lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4 of the Complaint, and therefore denies such allegations.

5. AES admits that the Court may exercise supplemental jurisdiction over causes of action arising out of the same case or controversy as an action arising under the Constitution, laws, or treaties of the United States, but lacks knowledge or information sufficient to admit or deny whether supplemental jurisdiction is allowable with respect to all causes of action included in the Complaint.

## PARTIES

6. AES admits that it formerly employed Plaintiff. AES is without information sufficient to admit or deny the remaining allegations of Paragraph 6 of the Complaint, and therefore denies such allegations.

7. Admitted.

## FACTUAL BACKGROUND

8. Admitted.

9. AES is without information sufficient to admit or deny the allegations contained in Paragraph 9 of the Complaint, and therefore denies such allegations.

10. Admitted.

11. Admitted that Plaintiff was transferred to the maintenance department in November 2019, briefly moved to the production department thereafter and then back to the maintenance department in December 2019.

12. Admitted that Plaintiff was responsible for various housekeeping and quality control duties related to AES's boilers and evaporators, including but not limited to certain chemical tests of boilers.

13. Denied.

14. AES is without information sufficient to admit or deny the allegations contained in Paragraph 14 of the Complaint, and therefore denies such allegations.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Admitted that Plaintiff's employment was terminated on November 5, 2020 after his failure to perform his job duties in a responsible manner contributed to a costly and dangerous fire at AES's facility.

20. AES admits that it was not necessary to interview Plaintiff – or any other employee – in order to determine the cause of the fire that occurred on October 30, 2020, and denies the remaining allegations of Paragraph 20.

21. AES admits that the duties assigned to Plaintiff were distributed among several employees of various ages following the termination of Plaintiff's employment.

22. Denied.

23. Denied.

24. Denied.

25. Admitted.

26. Denied.

**COUNT I – VIOLATION OF THE REHABILITATION ACT OF 1973**

27. Defendant hereby realleges and incorporates herein by reference its responses to all of the above paragraphs of the Complaint.

28. Admitted that AES has certain obligations under the Rehabilitation Act of 1973, but denied that Plaintiff has any cause of action against AES under the Act or that AES has violated the Act in any manner.

29. AES is without information sufficient to admit or deny the allegations of Paragraph 29 of the Complaint.

30. Denied.

31. Denied.

32. Denied.

33. Denied that Plaintiff was treated less favorably than similarly situated, non-disabled individuals. AES admits that the duties assigned to Plaintiff were distributed among several employees following the termination of Plaintiff's employment, but is without information sufficient to admit or deny whether any of those employees were or were not "disabled" as that term is used in Paragraph 33.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT II – VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

38. Defendant hereby realleges and incorporates herein by reference its responses to all of the above paragraphs of the Complaint.

39. Admitted.

40. Admitted.

41. Admitted.

42. Denied.

43. Denied.

44. Denied.

## COUNT III – VIOLATION OF TENNESSEE CODE ANNOTATED § 4-21-401(a)(1) and 4-21-407

45. Defendant hereby realleges and incorporates herein by reference its responses to all of the above paragraphs of the Complaint.

46. AES admits that Plaintiff was at least forty years of age during the term of his employment with the company and that age was not a bona fide occupational qualification for his position.

47. AES admits that it terminated Plaintiff's employment on November 5, 2020.

48. Denied that the termination of Plaintiff's employment was "unlawful." AES admits that the duties assigned to Plaintiff were distributed among several employees of various ages following the termination of Plaintiff's employment.

49. Denied.

50. Denied.

51. Denied.

## COUNT IV – VIOLATION OF § 8-50-103 TENNESSEE CODE ANNOTATED, TENNESSEE DISABILITY ACT

52. Defendant hereby realleges and incorporates herein by reference its responses to all of the above paragraphs of the Complaint.

53. AES is without information sufficient to admit or deny the allegations contained in Paragraph 53 of the Complaint, and therefore denies such allegations.

54. Denied.

55. Denied.

56. To the extent Defendant has not specifically admitted to any other allegations contained in the Complaint, such allegations are denied.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the factual defenses contained in Defendant's above responses to the numbered paragraphs in the Complaint, Defendant asserts the following affirmative and other defenses:

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The Complaint fails to state a claim under the Rehabilitation Act of 1973 because Plaintiff alleges that AES is a federal contractor and cites 29 U.S.C. § 793, but there is no private

cause of action for violations of § 793. *See, e.g.*, *Hoopes v. Equifax, Inc.*, 611 F.2d 134, 135 (6th Cir. 1979).

3. The Complaint, including each alleged cause of action contained therein, is barred by the fact that all actions taken by Defendant with relation to Plaintiff's employment were for a proper, business-related reason or reasons which were neither discriminatory, retaliatory, pretextual, arbitrary, capricious or unlawful.

4. Defendant acted at all times in good faith, without discriminatory intent or willfulness, and pursuant to legitimate non-discriminatory business reasons.

5. Plaintiff is not entitled to recover punitive damages for any of his claims. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002) (Rehabilitation Act of 1973); *Mitroff v. Xomox Corp.*, 797 F.2d 271, 279 (6th Cir. 1986) (Age Discrimination In Employment Act); *Carver v. Citizen Utilities Co.*, 954 S.W.2d 34, 36 (Tenn. 1997) (Tenn. Code Ann. § 4-21-401(a)(1)); *Forbes v. Wilson Cty. Emergency Dist. 911 Bd.*, 966 S.W.2d 417, 422 (Tenn. 1998) (Tennessee Disability Act).

6. Any damages to Plaintiff – which are denied – are limited by all applicable statutory and constitutional caps and restraints.

7. Any damages to Plaintiff – which are denied – must be reduced and/or offset in their entirety as a result of any failure to mitigate such damages.

8. Plaintiff is not entitled to a jury trial on some or all of his claims and/or requested remedies.

9. Plaintiff's claims are barred, in whole or in part, to the extent he has failed to exhaust his administrative remedies.

10. Defendant respectfully reserves the right to supplement and/or amend its answer to add additional and/or other special defenses as may become necessary after reasonable opportunity for appropriate discovery.

WHEREFORE, Defendant requests that the Court dismiss the Complaint in its entirety and with prejudice, enter judgment in favor of Defendant and against Plaintiff and award Defendant its costs and such further relief as may be appropriate.

Respectfully Submitted,

SHERRARD ROE VOIGT & HARBISON, PLC

/s/ Scott Hickman
J. Scott Hickman
Christina R.B. López
150 3rd Avenue South, Ste. 1100
Nashville, Tennessee 37201
(615) 742-4200
(615) 742-4539 (fax)
shickman@srvhlaw.com
clopez@srvhlaw.com

*Counsel for Accurate Energetic Systems, LLC*

## CERTIFICATE OF SERVICE

In accordance with Local Rule 5.01, I hereby certify that on the 26th day of July, 2021, a true and correct copy of the foregoing Answer, Affirmative and Other Defenses has been served via the Court's CM/ECF system upon:

> Rebecca Wells-Demaree
> Peter C. Robison
> Jasmyn A. McCalla
> Cornelius & Collins, LLP
> 511 Union Street, Ste. 1500
> Nashville, TN 37219
> rwdemaree@cclawtn.com
> pcrobison@cclawtn.com
> jamccalla@cclawtn.com
>
> *Counsel for Plaintiff*

/s/ Scott Hickman
J. Scott Hickman